Slip Op. 19-

 UNITED STATES COURT OF INTERNATIONAL TRADE

 TOSÇELIK PROFIL VE SAC
 (1'h675,6,$ù

 3ODLQWLII

 and

 =(.(/0$1,1'8675,(6

 Consolidated PODLQWLII
 Before: Jennifer Choe-GrovesJudge
 v.
 Consol. Court No. 17-00018
 81,7('67$7(6

 Defendant

 and

 =(.(/0$1,1'8675,(6

 Defendant-Intervenor.

 OPINION AND ORDER

[Sustaining in part and remanding in part the U.S. Department of Commerce’s second remand
results.]

 Dated: December 18, 2019

David L. Simon, Law Office of David L. Simon, of Washington, D.C., for Plaintiff Tosçelik
3URILOYH6DF(QGVWULVL$ù

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S.
Department of Justice, of Washington, D.C., for Defendant United States. With her on the briefs
were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, Franklin E.
White, Jr., Assistant Director, and Patricia M. McCarthy, Assistant Director. Of counsel was
David W. Richardson, Attorney, Office of the Chief Counsel for Trade Enforcement and
Compliance, U.S. Department of Commerce, of Washington, D.C.
Consol. Court No. 17-00018 Page 2

Roger B. Schagrin and Paul W. Jameson, Schagrin Associates, of Washington, D.C., for
Consolidated Plaintiff and Defendant-Intervenor Zekelman Industries.

 Choe-Groves, Judge: This action arises out of the final results of the administrative

review of welded carbon steel standard pipe and tube products from Turkey. See Welded

Carbon Steel Standard Pipe and Tube Products From Turkey, 81 Fed. Reg. 92,785 (Dep’t

Commerce Dec. 20, 2016) (final results of administrative review; 2014–2015), as amended, 82

Fed. Reg. 11,002 (Dep’t Commerce Feb. 17, 2017) (amended final results of antidumping duty

administrative review; 2014–2015). Before the court are the Final Results of Redetermination

Pursuant to Second Court Remand, May 30, 2019, ECF No. 67–1 (“Second Remand Results”).

For the reasons discussed below, the Second Remand Results are remanded for further

proceedings consistent with this opinion.

 BACKGROUND

 The court presumes familiarity with the facts and procedural history of this action. See

7RVoHOLN3URILOYH6DF(QGVWULVL$ùY8QLWHG6WDWHV, 42 CIT __, 321 F. Supp. 3d 1270 (2018)

(“Tosçelik I”); 7RVoHOLN3URILOYH6DF(QGVWULVL$ùY8QLWHG6WDWHV, 42 CIT __, 375 F. Supp.

3d 1312 (2019) (“Tosçelik II”). In Tosçelik I, the court remanded to Commerce for

reconsideration of Tosçelik’s duty drawback adjustment and the circumstance of sale adjustment

as to warehousing expenses. Tosçelik I at 1281.

 After the first remand, Commerce recalculated Tosçelik’s duty drawback adjustment by

allocating import duties exempted by reason of export of finished product over total exports, as

reported by Tosçelik. Tosçelik II at 1314. Because Commerce perceived an imbalance in its

comparison between Tosçelik’s export price and normal value, Commerce made an additional
Consol. Court No. 17-00018 Page 3

circumstance of sale adjustment. Id. Commerce also granted a circumstance of sale adjustment

to Tosçelik for warehousing expenses. Id. at 1316–17. The court concluded that Commerce’s

modified calculation of Tosçelik’s duty drawback adjustment was not in accordance with the

law, but sustained Commerce’s circumstance of sale adjustment for warehousing expenses. Id.

at 1317. The court remanded to Commerce for further proceedings. Id.

 In the Second Remand Results, Commerce “amended its duty drawback calculation

methodology . . . to ensure that [Commerce’s] dumping calculation is duty neutral, meaning that

the same amount of duties are accounted for on both sides of the dumping equation,” by: “(1)

making a per-unit adjustment to U.S. price in the full amount of the per-unit duty drawback

granted on export, as claimed by Tos[ç]elik; and (2) making a circumstance of sale . . .

adjustment to [constructed value] and home market price to add the same amount of the per-unit

amount of import duties added to U.S. price.” Second Remand Results at 1–2.

 Tosçelik filed comments on the Second Remand Results. Comments Pl. Tosçelik Profil

YH6DF(QGVWULVL$ù Final Results Redetermination Pursuant to Second Remand, Jul. 31, 2019,

ECF No. 82 (“Pl.’s Comments”). Zekelman filed comments in opposition. Def.-Intervenors’

Comments in Opp’n to the Second Remand Redetermination, Jul. 31, 2019, ECF No. 81.

Defendant responded. Def.’s Resp. to Comments on Second Remand Results, Aug. 30, 2019,

ECF No. 85 (“Def.’s Reply”). The Parties filed a joint appendix. J.A., Sept. 12, 2019, ECF

No. 87. The Parties filed supplemental briefing on December 6, 2019. Def.-Intervenors’ Suppl.

Br., Dec. 6, 2019, ECF No. 89; Pl.’s Suppl. Br., Dec. 6, 2019, ECF No. 90; Def.’s Suppl. Br.,

Dec. 6, 2019, ECF No. 91.
Consol. Court No. 17-00018 Page 4

 JURISDICTION AND STANDARD OF REVIEW

 The court has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C.

§ 1581(c). The court shall hold unlawful any determination, finding, or conclusion found to be

unsupported by substantial evidence on the record, or otherwise not in accordance with the law.

19 U.S.C. § 1516a(b)(1)(B)(i). The results of a redetermination pursuant to court remand are

reviewed also for compliance with the court’s remand order. See ABB Inc. v. United States,

42 CIT __, __, 355 F. Supp. 3d 1206, 1210 (2018).

 ANALYSIS

 If Commerce finds that merchandise is being sold at less than fair value, Commerce

issues an antidumping duty order imposing antidumping duties equivalent to the amount by

which the normal value exceeds the export price for the merchandise. See 19 U.S.C. § 1673; see

also 19 U.S.C. § 1675. Export price, or U.S. price, is the price at which the subject merchandise

is first sold in the United States. See id. § 1677a(a). A duty drawback adjustment is an

adjustment to export price, specifically, an increase by “the amount of any import duties imposed

by the country of exportation which have been rebated, or which have not been collected, by

reason of the exportation of the subject merchandise to the United States.” Id. § 1677a(c)(1)(B).

 Generally, normal value represents the price at which the subject merchandise is sold in

the exporting country. See id. § 1677b(a)(1)(A). When determining the appropriate price for

comparison, Commerce may make certain price adjustments, such as a circumstance of sale

adjustment. See id. § 1677b(a)(6). Under the statute, the price may be:

 (C) increased or decreased by the amount of any difference (or lack thereof)
 between the export price or constructed export price and the price
 described in paragraph (1)(B) (other than a difference for which
Consol. Court No. 17-00018 Page 5

 allowance is otherwise provided under this section) that is established
 to the satisfaction of the administering authority to be wholly or partly
 due to– . . .
 (iii) other differences in the circumstances of sale.

Id. § 1677b(a)(6)(C)(iii). The purpose of statutory adjustments to normal value is to “ensure[]

that there is no overlap or double-counting of adjustments.” H.R. Rep. No. 103-826, pt. 1, at 84–

85 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 3857–58.

 Pursuant to 19 C.F.R. § 351.410(b), “the Secretary will make circumstances of sale

adjustments under section 773(a)(6)(C)(iii) of the Act [19 U.S.C. § 1677b(a)(6)(C)(iii)] only for

direct selling expenses and assumed expenses.” 19 C.F.R. § 351.410(b). Direct selling expenses

are “expenses, such as commissions, credit expenses, guarantees, and warranties, that result

from, and bear a direct relationship to, the particular sale in question.” Id. § 351.410(c).

Assumed expenses are “selling expenses that are assumed by the seller on behalf of the buyer,

such as advertising expenses.” Id. § 351.410(d).

 I. Commerce’s Duty Drawback Adjustment

 In the Second Remand Results, Commerce readdressed Tosçelik’s request for a duty

drawback adjustment pertaining to the Turkish IPR program, which is a duty exemption

program. Second Remand Results at 16. Commerce explained that “since Tos[ç]elik never

actually paid or recorded any duty costs associated with the [Turkish] IPR exemption program,

there is no duty in [the] constructed value or home market price associated with this program,

and no need to adjust Tos[ç]elik’s cost of production,” but, “[u]nder the IPR exemption

program[,] . . . an off the books liability was generated when inputs were imported under the IPR

program and that liability was later reversed upon exportation of subject merchandise to the
Consol. Court No. 17-00018 Page 6

United States and other markets.” Id. at 16–17 (internal quotation marks omitted). As a result,

Commerce made “a per-unit adjustment to U.S. price in the full amount of the per-unit duty

drawback granted on export, as claimed by Tos[ç]elik.” Id. at 1–2. Tosçelik does not contest

this duty drawback adjustment. Pl.’s Cmts. at 22.

 Under 19 U.S.C. § 1677a(c)(1)(B), a duty drawback adjustment is an adjustment to

export price, i.e., an increase by “the amount of any import duties imposed by the country of

exportation which have been rebated, or which have not been collected, by reason of the

exportation of the subject merchandise to the United States.” 19 U.S.C. § 1677a(c)(1)(B).

Because Commerce’s calculation and explanation of the duty drawback adjustment is in

accordance with 19 U.S.C. § 1677a(c)(1)(B), the court concludes that Commerce’s duty

drawback adjustment to U.S. price is in accordance with the law.

 II. Commerce’s Circumstance of Sale Adjustment

 On remand, Commerce made a circumstance of sale adjustment “to add the same per-unit

duty amount to home market price and [constructed value] as that [was] granted [to] Tos[ç]elik

for the full amount of duties that were drawn back or forgiven by virtue of the export of the

merchandise to the United States under the IPR exemption program.” Second Remand Results at

17. On remand, Commerce contends that this circumstance of sale adjustment “account[s] for

the . . . imbalance between the amount of the claimed duty drawback and the absence of any

import duty costs included in normal value.” Id. at 7. Commerce claims the circumstance of

sale adjustment supports a fair comparison between the U.S. price and the constructed value

because: (1) “the import duty program and drawback provision impose a different set of

accounting and duty treatments dependent upon the market to which the finished good was sold,”
Consol. Court No. 17-00018 Page 7

and (2) there were three conditions that required a circumstance of sale adjustment. See id. at

14–15. Those conditions include: the input source market, “the effect of the different sourcing of

inputs and associated duty costs,” and the differences between the U.S. and the home market in

duty drawback treatment. Id. at 14–15.

 Plaintiff contends that the law does not require a duty-neutral outcome and that

Commerce cannot use a circumstance of sale adjustment here because the use of a circumstance

of sale adjustment is restricted to the direct selling expenses context. Pl.’s Cmts. at 4. Defendant

argues that Commerce’s circumstance of sale adjustment eliminates the perception of double

counting, supports a fair comparison between export price and normal value, and is permitted

because “the operation of Turkey’s duty drawback scheme and the antidumping duty law duty

drawback provision[] transform the import duties subject to the duty drawback scheme into a

direct selling expense.” Def.’s Reply at 6, 8–9. 1

 Defendant-Intervenors argue that Commerce should make an adjustment to the cost of

production for uncollected duties. Def-Intervenors’ Cmts. at 1. Defendant-Intervenors’

argument “rel[ies] on a reading of Saha Thai Steel Pipe (Public) Co. Ltd. v. United States, 635

F.3d 1335 (Fed. Cir. 2011)[] that the court disapproved of in Tosçelik I.” Tosçelik II at 1315.

On remand, Commerce removed the adjustment to cost of production that Defendant-Intervenor

now seeks to reintroduce. Commerce’s removal of this adjustment to cost of production on

1
 Defendant-Intervenors add that although “[t]he purpose of the duty drawback adjustment as
stated in Tosçelik II may not require that the two adjustments should be equal or duty neutral, . . .
the purpose of the duty drawback adjustment as stated in Saha Thai does require duty neutrality.”
Def-Intervenors’ Cmts. at 4 (emphasis in original) (quotation marks omitted).
Consol. Court No. 17-00018 Page 8

remand is in accordance with Tosçelik II and the court sustains Commerce’s removal of the

adjustment to cost of production. Tosçelik II at 1315.

 A. Commerce’s Circumstance of Sale Adjustment Negates the Duty Drawback
 Adjustment

 Defendant’s and Defendant-Intervenors’ arguments as to the perception of double

counting lack merit. First, despite its claims to the contrary, Commerce made a circumstance of

sale adjustment not for the purpose of preventing the double-counting of adjustments. Second

Remand Results at 17. The purpose of statutory adjustments to normal value is so Commerce

can “ensure[] that there is no overlap or double-counting of adjustments.” H.R. Rep. No. 103–

826, pt. 1, at 84–85 (1994), reprinted in 1994 U.S.C.C.A.N. 3773, 3857–58; Tosçelik II at 1315.

Commerce fails to explain how the circumstance of sale adjustment prevents double-counting of

adjustments when only Tosçelik’s duty drawback adjustment is at issue.

 Second, the circumstance of sale adjustment does not remedy an imbalance; it negates the

duty drawback adjustment. Defendant concedes that the circumstance of sale adjustment negates

the duty drawback adjustment. Second Remand Results at 1–2 (noting that Commerce made “a

circumstance of sale . . . adjustment to [constructed value] and home market price to add the

same amount of the per-unit amount of import duties added to U.S. price.”). Commerce is not

permitted to “use the [circumstance of sale] provision to effectively writ[e] [a separate

adjustment] section out of the statute.” +DEDú6LQDL9H7LEEL*D]ODU,VWLKVDO(QGüstrisi, A.ù. v.

United States, 2019 WL 5270152, at *22 (CIT 2019) (internal quotation marks omitted) (“+DEDú

II”); see also Zenith Electronics Corp. v. United States, 988 F.2d 1573, 1581 (Fed. Cir. 1993).

The upward adjustment to constructed value contemplated by 19 U.S.C. § 1677b(a)(6)(C)(iii)
Consol. Court No. 17-00018 Page 9

aids Commerce’s statutory duty to make a fair comparison between normal value or constructed

value and export price. Because Commerce’s circumstance of sale adjustment negates the

statutory duty drawback adjustment, the court concludes that Commerce’s circumstance of sale

adjustment is not in accordance with the law.

 B. Commerce’s Circumstance of Sale Adjustment Is Not Supported By
 19 C.F.R. § 351.410

 Defendant’s argument as to the treatment of duty drawback as a direct selling expense is

unavailing. Commerce’s circumstance of sale adjustment does not result from circumstances

concerning the sale of merchandise because “[t]he duty drawback adjustment resulted from the

operation of law.” See +DEDú,, at *21–22, *26. A duty is an expense unlike “commissions,

credit expenses, guarantees, and warranties” and further is not “assumed by the seller on behalf

of the buyer, such as advertising expenses.” 19 C.F.R. §§ 351.410(c) and (d). The duty imposed

in this matter is therefore neither a direct selling expense nor an assumed expense as defined in

19 C.F.R. § 351.410. Because the adjustment at issue concerns the imposition of a duty, not a

circumstance of sale, the court concludes that Commerce’s explanation for the circumstance of

sale adjustment is not in accordance with the law. Compare 19 U.S.C. § 1677a(c)(1)(B) with 19

C.F.R. §§ 351.410(b), (c), and (d) (identifying types of expenses properly subject to a

circumstance of sale adjustment).

 CONCLUSION

 Because Commerce’s circumstance of sale adjustment negates the duty drawback

adjustment and Commerce incorrectly treats the duty drawback as a direct selling expense, the

court concludes that the circumstance of sale adjustment is not in accordance with the law.
Consol. Court No. 17-00018 Page 10

For the foregoing reasons, the court sustains Commerce’s duty drawback adjustment and

remands to Commerce for future proceedings in accordance with this opinion. Accordingly, it is

hereby

 ORDERED that the duty drawback adjustment is sustained; and it is further

 ORDERED that the Second Remand Results are remanded to Commerce for further

proceedings; and it is further

 ORDERED that this action shall proceed in accordance with the following schedule:

  Commerce shall file its remand determination on or before February 18, 2020;

  Commerce shall file the administrative record on or before March 4, 2020;

  Parties’ comments in opposition to the remand determination shall be filed on or before

 March 20, 2020;

  Parties’ comments in support of the remand determination shall be filed on or before

 April , 2020;

 and

  The Joint Appendix shall be filed on or before May , 2020.

 /s/ Jennifer Choe-Groves
 Jennifer Choe-Groves, Judge

Dated: December 18, 2019
 New York, New York